# JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

|  |  |
|---|---|
| | Case No.: SACV 16-00963-CJC(AGRx) |
| LUCIA CANDELARIO, INDIVUDALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | |
| | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT |
| Plaintiff, | |
| v. | |
| RIP CURL, INC. and DOES 1 THROUGH 10, INCLUSIVE, | |
| Defendants. | |

## I.  INTRODUCTION

Plaintiff Lucia Candelario filed this class action lawsuit against Defendant Rip Curl, Inc. and Does 1 through 10, inclusive, alleging violations of New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A §§ 56:12-14 *et seq.*  (Dkt. 12

[First Amended Complaint ("FAC")].)  On August 5, 2016, Defendant filed a motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (Dkt. 14 ("Mot.").)  For the following reasons, the motion is GRANTED.[1]

## II.  BACKGROUND

Defendant is a corporation that "markets a variety of beachwear and related products throughout the State of New Jersey via its website, www. ripcurl.com."  (FAC ¶¶ 7, 10.)  Plaintiff is a New Jersey resident who purchased an "Ocean View Tank" from Defendant's website on or about March 9, 2016.  (*Id.* ¶ 6.)  Upon receiving the clothing, she "determined that it was not the cut or quality depicted on Defendant's website, and is an aggrieved customer based thereon."  (*Id.*)  She then reviewed Defendant's "Terms and Conditions" on its website.   (*Id.*)

Plaintiff brought this class action suit against Defendant on behalf of herself and "[a]ll persons in the State of New Jersey who were exposed to the Defendant's website, www.ripcurl.com, including its Terms and Conditions, during the applicable statute of limitations up to and including March 9, 2016."  (*Id.* ¶ 51.)

Plaintiff's only cause of action is a violation of New Jersey's Truth-in-Consumer Contract, Warranty and Notice Act, N.J.S.A §§ 56:12-14 *et seq.* ("TCCWNA" or "the Act").  The portions of the Act relevant to this action are as follows.  The Act prohibits sellers from offering, or entering into, a written agreement with a consumer "which includes any provision that violates any clearly established legal right of a consumer or

---

[1]  Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing.  *See* Fed. R. Civ. P. 78; Local Rule 7-15.  Accordingly, the hearing set for September 12, 2016, at 1:30 p.m. is hereby vacated and off calendar.

responsibility of a seller . . . as established by State or Federal law at the time the offer is made or the consumer contract is signed." N.J.S.A. § 56:12-15. The Act further provides that "[n]o consumer contract, warranty, notice or sign, as provided for in this act, shall contain any provision by which the consumer waives his rights under this act. Any such provision shall be null and void." *Id.* § 56:12-16. The Act establishes damages for "aggrieved consumers," and also provides that the rights accorded under this law "are hereby declared to be in addition to and cumulative of any other right, remedy or prohibition accorded by common law, Federal law or statutes of this State." *Id.* §§ 56:12-17; 56:12-18.

Plaintiff alleges that Rip Curl's Terms and Conditions violate the TCCWNA because they "purport[] to":

- "deprive Plaintiff of her right to a cause of action for any unreasonable risk of harm created by Defendant," (FAC at ¶ 70);
- "bar Plaintiff from asserting a claim under the [New Jersey Products Liability Act] for injuries suffered as a result of Defendant's dangerous products," (*id.* at ¶ 71);
- "absolve Defendant of its duty as a business to protect consumers and prospective consumers from the illegal acts of third parties," (*id.* at ¶ 72);
- "do away with [Defendant's] responsibility to take reasonable steps to ensure security measures were in place to protect Plaintiffs and their personal information from the criminal acts of third-party hackers," (*id.* at ¶ 73);
- "bar Plaintiffs from seeking punitive damages for any and all harm caused by Defendant," (*id.* at ¶ 74); and
- "absolve Defendant of its legal obligation to refrain from maliciously and/or wantonly and/or willfully creating an unreasonable risk of harm to consumers," (*id.*).

1    Thus, Plaintiff seeks monetary damages, fees, and injunctive relief barring
2    Defendant from using the disputed language in its Terms and Conditions.  (*Id.* at Prayer.)

3
4    **III.  DISCUSSION**

5
6    "Standing under Article III of the Constitution is a constitutional limitation on a
7    court's subject matter jurisdiction and cannot be granted by statute."  *Norkunas v. Wynn*
8    *Las Vegas, LLC*, 343 F. App'x 269, 270 (9th Cir. 2009).  To satisfy Article III's standing
9    requirement, "a plaintiff must show (1) that it has suffered an 'injury in fact' that is (a)
10   concrete and particularized and (b) actual or imminent, not conjectural or hypothetical;
11   (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is
12   likely, as opposed to merely speculative, that the injury will be redressed by a favorable
13   decision."  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167,
14   181 (2000).

15
16   Here, the FAC fails to plead any injury-in-fact.  "A concrete injury must be de
17   facto; that is, it must actually exist."  *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548
18   (2016), *as revised* (May 24, 2016) (internal quotation marks omitted).  Additionally, "for
19   an injury to be particularized, it must affect the plaintiff in a personal and individual
20   way."  *Id.*  Conspicuously absent from Plaintiff's FAC are any allegations that the
21   clothing Plaintiff purchased was dangerous, or that Plaintiff was in any way harmed in
22   connection with the clothing.  (*See generally* FAC.)  Nor is there even a suggestion that
23   Plaintiff's information has been stolen by hackers or that she was otherwise harmed by
24   the illegal acts of third parties.  (*See generally id.*)  Therefore, there is no indication that
25   Plaintiff had a claim against Defendant which the Terms and Conditions prevented her
26   from bringing.  Plaintiff simply alleges that she purchased a piece of clothing which
27   looked different from its photograph on Defendant's website and then reviewed
28   Defendant's Terms and Conditions.  (*See generally id.*)  Her only connection to the

Terms and Conditions appears to be her decision to read them.  (*Id.* ¶ 6.)  These allegations are insufficient to show a concrete and particularized injury.

Nor has the FAC established that any injury could be actual or imminent here.  The FAC alleges that the Terms and Conditions are illegal because they strip her ability to bring claims arising from "unreasonable risk of harm;" injuries sustained from dangerous products; harm from the illegal acts of third party hackers; and punitive damages for malicious, wanton, or willful creation of unreasonable risk of harm by Defendant.  (FAC ¶¶ 70–74.)  Yet nowhere in the FAC does Plaintiff allege that she actually has a claim against Defendant which falls into *any* of the aforementioned categories.  (*See generally* FAC.)  If such a claim has not accrued, Plaintiff cannot have an "actual or imminent" injury.

Since the FAC does not allege any injury, there are unsurprisingly no allegations showing that injury is traceable to Defendant's conduct—in this case, Defendant's choice of wording in its Terms and Conditions.  Nor can the Court conceive of a scenario where a favorable decision would redress any alleged harms suffered by Plaintiff, because she has not alleged that she was harmed in the first place.  Therefore, Plaintiff's FAC does not meet the three requirements to plead Article III standing.

The parties' arguments concerning the purpose of the TCCWNA and New Jersey's legislative intent in enacting it, (Mot. at 6–8; Opp. at 2–3), do not bear on Article III standing analysis, since the injury in fact requirement is independent of any such intent or any standing Plaintiff might have in state court.  *Perry v. Brown*, 671 F.3d 1052, 1074 (9th Cir. 2012), *vacated and remanded sub nom. Hollingsworth v. Perry*, 133 S. Ct. 2652, 186 L. Ed. 2d 768 (2013) (citing *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 804 (1985)) ("State courts may afford litigants standing to appear where federal courts would not, but whether they do so has no bearing on the parties' Article III standing in federal

court." ).  However, the Court notes that the New Jersey District Court has also found that the TCCWNA "only grants a remedy to aggrieved consumers and not to aggrieved 'prospective' consumers."  *Baker v. Inter Nat. Bank*, No. CIV.A. 08-5668, 2012 WL 174956, at *9 (D.N.J. Jan. 19, 2012) (citing *Shah v. American Express Co.*, Docket No. 09–cv–622 (JAP), 2009 WL 3234594 *3 (D.N.J. Sept. 30, 2009)).

Plaintiff argues in one conclusory sentence that because she has incurred "intangible information injuries, [she] has Article III standing to pursue her TCCWNA claim."  (Opp. at 3.)  She appears to be relying on *Spokeo*'s recognition that "intangible injuries can nevertheless be concrete for purposes of standing analysis."  (*Id*. at 1 (emphasis omitted).)  Nowhere does she explain, however, what her "informational" injuries are, or where they are addressed in the FAC.  (*See id.*)  Furthermore, *Spokeo* recognized that "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 136 S. Ct. at 1549.  Therefore, a plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III."  *Id.*

Since standing is a threshold question, the Court need not address Defendant's remaining arguments for dismissal under Rule 12(b)(6).  *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998).  Plaintiff has failed to plead Article III standing, so Defendant's motion to dismiss is GRANTED.

//
//
//
//
//

**IV.  CONCLUSION**

For the foregoing reasons, Defendant Rip Curl, Inc.'s motion to dismiss is GRANTED, and Plaintiff's First Amended Complaint is DISMISSED WITHOUT PREJUDICE.


DATED:     September 7, 2016

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE